EMELINE A. MITCHELL *vs.* MORRIS REITCHICK AND TRUSTEE.

HENRY B. MITCHELL *vs.* SAME.

York.    Opinion June 8, 1923.

*Ordinary care only is required of a driver of an automobile on a public way, which has accidently caught afire, to prevent the fire from communicating to and damaging other property.*

The duty of a person driving an automobile along a public way, on discovering an accidental fire to be burning it, to prevent such fire from spreading and doing damage to other property, is measured by the standard of ordinary care.

On motion for new trial.  These are two actions of tort, tried together, to recover damages for the destruction of the dwelling house of plaintiffs by fire communicated from the burning automobile of defendant.  On November 16, 1921, the defendant was driving his automobile along a public way through North Kennebunkport; when near the dwelling house of plaintiffs a fire developed in the rear part of his car.  He immediately steered his car over to the right side of the road and stopped about forty-five feet away from the aforesaid house.  The fire, soon getting beyond control, was communicated to the dwelling house and completely destroyed it.  The general issue was pleaded.  The jury rendered a verdict for plaintiff,

in each case, and defendant filed a general motion for a new trial. Motions sustained.   Verdicts set aside.   New trials granted.

The case is fully stated in the opinion.

*Emery & Waterhouse,* for plaintiffs.

*Benjamin L. Berman and Jacob H. Berman,* for defendant.

SITTING: SPEAR, PHILBROOK, DUNN, MORRILL, DEASY, JJ.

DUNN, J.   These two tort actions were tried together.   The plaintiffs' positions differed only in this, one owned a life estate in the dwelling house which fire, communicated from the defendant's burning automobile, virtually destroyed; the other was the owner of the reversionary interest in that property.

Defendant had an automobile of the kind called limousine.   As he was driving along a Kennebunkport highway, on a November day in 1921, a passerby called his attention to something wrong with the car.   On promptly stopping it and getting out, at a point about forty-five feet distant from the aforesaid house, he found a rear seat cushion on fire.   Defendant went afoot to the house for a pail of water.   On coming back the automobile itself was ablaze.   The heat was shattering the glass in the doors, and soon sparks from the car's cloth lining, carried by a brisk wind on to the plaintiff's house, set that house afire.   The plaintiffs have verdicts, recovered against defenses made under pleas of the general issue, for damages from the burning of the house.   Usual form motions have been argued by the defendant.

The gist of each declaration was negligence.   Not that the intervention of the defendant's agency had blamable relation to the origin of the fire, nor that he was at fault in stopping the car where and as he did, for, although he was charged with awareness of what would result, yet he was not in such respect accused of a neglect of duty, nor was culpability imputed for not sooner taking measures to put out the fire, but actionable negligence was alleged in that, after he had discovered the fire, he did not at once comply with a request to remove the automobile.   This proposition is not sustainable.

Automobiles are not inherently dangerous.   The basis of liability for any injury which may come from the presence of an automobile on a public way is not the same as that underlying responsibility for damage done by dynamite, or gunpowder, or like instrumentality.

Automobiles are ordinary vehicles of business and pleasure. *Towle v. Morse*, 103 Maine, 250. And, subject to statutory provisions, and to the observance by their drivers of care commensurate in degree with the danger which their use involves, they may be upon the highroads and the byways on an equality with horse drawn and other vehicles. *State v. Mayo*, 106 Maine, 62; *Gurney v. Piel*, 105 Maine, 501.

In arriving at the conclusion that an ordinarily prudent man, mindful of his own conduct and of the rights of other persons, would have done otherwise than this defendant did, the jury must be held to have missed the narrow theory to which the plaintiffs limited asserted liability and on which the trial was had.

The defendant's automobile, weighing upward of three thousand pounds, stood, its engine throttled, on a nearly level roadway. In the words of one of these plaintiffs, it "was all afire, the hind end," when the request for the removal was made. Not more than fifteen minutes elapsed, counting from the stopping of the automobile on the road, before its rear was totally burned, and meanwhile the house had caught. Witnesses varyingly estimated that the car's tank, which was at the back, contained from six to twenty gallons of gasoline. Defendant, following his own judgment and heeding the counsel of bystanders, neither entered the ‾flaming vehicle nor approached it while danger lurked of bodily harm from the inflammable and explosive gasoline. He did, however, have the car drawn away while fire still smouldered in its front.

When measured, in critical and calculating scrutiny, by the law's generous standard for gauging man's liability for his doings or omissions, namely, that which the circumstances demanded of a reasonably prudent man thinking not of himself alone, this defendant's conduct was not wanting. No maxim of the law, not even the familiar one that a man must so use his own property as not to unduly interfere with others in the use of theirs, which the plaintiffs urge as applicable in the given situation, would have had this defendant put himself amid imminent peril of harm if indeed not fatality, merely because an accidental fire destroying his own property menaced that of another. Maxims yield to justice.

Besides, when he was asked to move it, the defendant was not using his property. Use was incompatible with safety. He had used the automobile, in a proper condition and in a proper way, but

the fire, for which he was not responsible, caused him to quit. And that fire, fanned and blown about by heaven's winds, laid waste to the plaintiffs' house and thus made destruction the more. Certainly the defendant, on discovering the fire, was not bound to exercise greater than ordinary care to prevent it from spreading.

The record does not show any negligence or misconduct in the defendant. It does show an unfortunate loss for which there was no liability. It follows, then, ineluctably, that the verdicts are plainly and palpably wrong.

*Motions sustained.*
*Verdicts set aside.*
*New trials granted.*